UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-1341 |
| ) | |
| AMY M. MONTGOMERY, ) | |
| ) | |
| Defendants. ) | |

DEFAULT JUDGMENT OF FORECLOSURE

This matter having come on to be heard upon the plaintiff's complaint, and the subsequent pleadings, on this day and this Court, having considered the evidence and being advised in the premises, makes these FINDINGS:

I. JURISDICTION

1.  That it has jurisdiction of the parties to and the subject matter of this suit. That the defendant, Amy M. Montgomery was personally served with Summons and Complaint by United States Marshal on December 7, 2009, and did not thereafter voluntarily appear in these proceedings.

II. EVIDENTIARY FINDINGS

1.  That the defendant, Amy M. Montgomery, did execute a mortgage, attached as Exhibit A to the complaint, dated November 6, 2001, and on November 6, 2001, said defendant executed a note attached to the complaint as Exhibit B, in the amount of $69,607.00 secured by said mortgage. The UNITED STATES OF AMERICA, acting through the RURAL DEVELOPMENT, UNITED STATES DEPARTMENT OF AGRICULTURE, was the mortgagee on said mortgage executed by said defendant as mortgagor. Said mortgage pertaining

to the property described herein was recorded on November 8, 2001 Recorded as Document No. 01-16658, in the Office of the Fulton County, Illinois, Recorder.

2. That the plaintiff is the owner of the note and mortgage described in said complaint.

3. That the following are names of persons who may have claimed an interest in the above-described property, but who are foreclosed from asserting their claim, if any, because of their default in this action: Amy M. Montgomery as owner and occupant of the property.

4. That all of the material allegations contained in the complaint are true and that by virtue of the mortgage and indebtedness thereby secured, the plaintiff, UNITED STATES OF AMERICA, has a valid and subsisting lien arising out of a real estate mortgage on the property described as follows:

> A part of the East Half of the East Half of the Southwest Quarter of Section 25, Township 7 North, Range 4 East of the Fourth Principal Meridian, described as follows, to-wit, Commencing at a point 825.8 feet South of the center of said Section 25, running thence West 222.3 feet; thence South 50 feet thence East 222 feet, thence North 50 feet to the place of beginning; situated in the County of Fulton and State of Illinois
>
> PIN No. 09-08-25-304-010

5. That by virtue of the mortgage and the indebtedness thereby secured, as alleged in the complaint, there is due the plaintiff, UNITED STATES OF AMERICA, as follows:

    a) For its own use and benefit for the costs of this suit and for:

        U.S. Attorney's Docket Fee .............................. $350.00

        Recording Notice of a Suit to Foreclose Mortgage ............. $41.00
        U.S. Marshal Service Fee ................................. $88.00

                Total ....................... $479.00

b) Unpaid principal and interest:

    Unpaid principal balance ............................. $71,846.55

    Accrued interest at $14.5176 per day
    due and unpaid as of January 8, 2010 .................... $10,325.39

    Late Charges ........................................ $118.62
    Fees Assessed ....................................... $5229.52
    Interest on Fees ...................................... $254.69

        Total amount due plaintiff as of 1/8/2010,
        exclusive of foreclosure costs .................... $88,253.77

c) In addition, the plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs or procuring abstracts of title, certificates, foreclosure minutes, a title insurance policy and fees, charges, and expenses provided by law incurred by or owing to the United States Marshal, including such fees and expenses relating to conducting of the judicial sale as required by this judgment of foreclosure.

d) Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged real estate and the plaintiff is entitled to recover all such advances, costs, expenses and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate, from the date on which such advances are made.

e) In order to protect the lien of the mortgage, it may or has become necessary for plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

f) In order to protect and preserve the mortgaged real estate, it may also become necessary for the plaintiff to make such repairs to the real estate as may reasonably be deemed necessary for the proper preservation thereof.

g) Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

6. That the present owner of the above-described real estate is:

   Amy M. Montgomery

7. That Fulton County, Illinois, has a valid lien on the above-described property for taxes for the years 2009 and 2010 and the property will be sold subject to the interest of Fulton County, resulting from taxes, general or special, which are a valid lien against the above-described property.

8. That plaintiff is entitled to a shortened redemption period because the value of the mortgaged real estate as of the date of entry of this judgment is less than 90% of the amount required to redeem as specified in subsection (b)(3) of §5/15-1603, Ch. 735, ILCS and the plaintiff-mortgagee upon entry of this judgment waives any and all rights to a personal judgment for a deficiency against the mortgagor and against all other persons liable for the indebtedness or other obligations secured by the mortgage.

9. By reason of the defaults alleged and proved, if the indebtedness had not matured by its terms, the same became due by the exercise, by the plaintiff or other persons having such power, of a right or power to declare immediately due and payable the whole of all indebtedness secured by the mortgage.

10. Any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given.

11. Any and all periods of grace or other period of time allowed for the performance of the covenants or conditions claimed to be breached or for the curing of any breaches have expired.

12. All lien or mortgage claimants defaulted are found and declared to have no interest

in the real estate foreclosed, as they have offered no evidence of said interest.

    13.  Said real estate is free and clear of all liens and encumbrances except:

        a)  General real estate taxes for the years **2009 and 2010** and thereafter and special assessments, if any.

        b)  Said mortgage given to plaintiff.

        c)  Easements and restrictions of record.

    14.  Plaintiff's said mortgage is prior and superior to all other mortgages, claims of interest and liens upon said real estate except for real estate taxes and special assessments, if any, and except for any mortgages or liens found herein to be prior and superior to plaintiff's mortgage or prior liens of non-parties.

    WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

III.  ORDER UPON DEEMED REQUEST FOR FORECLOSURE

    1.  An accounting has been taken under the direction of the court of the amounts due and owing to the plaintiff as declared herein.

    2.  The defendants are ordered to pay to the plaintiff before expiration of any redemption period (or, if no redemption period, within seven days after the date of this judgment) whatever sums may appear to be due upon the taking of such account, together with fees and costs of the proceedings (to the extent provided in the mortgage or by law).

    3.  In default of such payment in accordance with this judgment, the mortgaged real estate shall be sold as directed by the court, to satisfy the amount due to the plaintiff as set forth in this judgment, together with the interest thereon at the statutory judgment rate from the date of the judgment.

    4.  In the event the plaintiff is a purchaser of the mortgaged real estate at such sale, the

plaintiff may offset against the purchase price of such real estate the amounts due under the judgment for the foreclosure and order confirming the sale.

    5. In the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to statutory provisions, the defendants made parties to the foreclosure in accordance with statutory provisions, and all non-record claimants given notice of the foreclosure in accordance with statutory provisions, and all persons claiming by, through or under them, and each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate.

    6. If no redemption is made prior to such sale, a deed shall be issued to the purchaser according to law and such purchaser shall be let into possession of the mortgaged real estate in accordance with statutory provisions.

IV. <u>ORDER UPON SPECIAL MATTERS</u>

    1. Exceptions to which title in the real estate shall be subject at the sale shall include general real estate taxes for the current year and for the preceding year which have not become due and payable as of the date of this judgment and any special assessments upon the real estate and easements and restrictions of record.

    2. In the event any party to this foreclosure is a successful bidder at the sale, such party may offset against the purchase price to be paid for such real estate all amounts due such party under this judgment of foreclosure or the order confirming the sale.

V. <u>ORDER FOR JUDICIAL SALE</u>

    1. The real estate is ordered sold in accordance with the statutory provision by the United States Marshal or his representative.

2. Upon expiration of the redemption period, the real estate shall be sold by the United States Marshal for the Central District of Illinois at the front door of the Fulton County Courthouse in the City of Lewistown, Illinois, at the time announced by the United States Marshal as provided hereinbelow subject to easements and restrictions of record and taxes, general or special, due and owing to Fulton County, Illinois, to be paid by the buyer. Said property shall be sold to the highest bidder who shall pay ten percent (10%) of the bid purchase price at the time and place of sale by cashiers/official bank check or money order tendered to the United States Marshal conducting the sale. The balance of the bid purchase price shall be paid by cashiers/official bank check or money order received by the United States Marshal at 100 N.E. Monroe, Peoria, Illinois 61601 within thirty (30) days of date of said sale. If the balance is not received within said time period, the ten percent (10%) payment made at time of sale shall be forfeited to the United States, the sale shall be void and a new sale shall be scheduled by the Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the United States Marshal for the Central District of Illinois give public notice of the sale as follows:

> a) The notice of sale shall include the following information, but an immaterial error in the information shall not invalidate the legal effect of the notice:
>
>> i) The name, address and telephone number of the person to contact for information regarding the real estate;
>>
>> ii) The common address and other common description (other than legal description), if any, of the real estate;
>>
>> iii) A legal description of the real estate sufficient to identify it with reasonable certainty;
>>
>> iv) A description of the improvements on the real estate;

> v) The real estate may be inspected prior to sale upon making reasonable arrangements with the person identified in paragraph i above;
>
> vi) The time and place of the sale;
>
> vii) The terms of the sale;
>
> viii) The case title, case number and the court in which the foreclosure was filed; and
>
> ix) No other information is required.

b)  The notice of sale shall be published at least four consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, by:

> i) An advertisement in a newspaper regularly issued and of general circulation to the general public in the county in which the real estate is located in the section of that newspaper where legal notices are commonly placed; and
>
> ii) No other publication shall be required.

c)  The party who gives notice of public sale shall also give notice to all parties in the action who have not heretofore been found by the court to be in default for failure to plead.  Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint, not more than 45 days not less than seven days prior to the day of sale.  After notice is given as required in this section, a copy thereof shall be filed in the Office of the Clerk of this Court together with a certificate of counsel or other proof that notice has been served in compliance with this section.

d)  The party who gives notice of a public sale shall again give notice of any adjourned sale; provided, however, that if the adjourned sale is to occur less than 60 days after the last scheduled sale, notice of any adjourned sale need be given only once, not less than 5 days prior to the day of the adjourned sale.

e)  Notice of the sale may be given prior to the expiration of the redemption period.

f)  No other notice by publication or posting shall be necessary.

g)  The person named in the notice of sale to be contacted for information about

        the real estate shall not be required to provide additional information other than that set forth in the notice of sale.

    3. Election of Property.  If the real estate is susceptible of division, the person conducting the sale may order it to be sold as necessary to satisfy this judgment.  The person conducting the sale shall determine which real estate shall be sold and the person conducting the sale may determine the order in which separate tracts may be sold.

    4. Certificate of Sale.  Upon the sale of mortgaged real estate, the person conducting the sale shall give a certificate of sale to the purchaser and cause such certificate of sale to be recorded.  The certificate shall be freely assignable by endorsement thereon.

VI.  TRANSFER OF TITLE

    1. Upon or after confirmation of sale, the person who conducted the sale or the court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the court and the caption of the case in which judgment was entered authorizing issuance of the deed.  Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

    2. Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto.  Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

VII.  APPLICATION OF PROCEEDS

The proceeds resulting from the sale ordered herein shall be applied in the following order:

1.  The reasonable expenses of sale including but not limited to costs of publication, notice of said sale, expenses, fees and commissions incurred by or owing to the United States Marshal pursuant to law.

2.  The reasonable expenses of securing possession before sale, holding, maintaining, and preparing the real estate for sale, including payment of taxes and other governmental charges, management fees, and to the extent provided for in the mortgage or other recorded agreement and not prohibited by law, payments made pursuant to Illinois Compiled Statutes, Ch. 735, Section 5/15-1505 and other legal expenses incurred by the mortgagee;

3.  Satisfaction of claims in the order of priority adjudicated in this judgment of foreclosure; and

4.  Remittance of any surplus to the mortgagor or as otherwise directed by the court.

VIII.  REDEMPTION - RESIDENTIAL

1.  Only the owner of redemption may redeem from this foreclosure, and such owner of redemption may redeem only during the redemption period specified herein.

2.  In this foreclosure the redemption period shall end at the later of the expiration of any redemption provided for in 735 ILCS 5/15-1603, which is 90 days from the date mortgagors have been served with summons or by publication or the date 60 days after the date of entry of this judgment, which ever is later, in that the value of the mortgaged real estate is less than 90% of the required amount to redeem and in that mortgagee waives any and all rights to a personal

deficiency judgment.

    3. This is a foreclosure of a mortgage of residential real estate.

    4. The amount required to redeem shall consist of the Total Balance Due as declared above plus interest thereon at the statutory rate hereafter and all additional costs and other expenses allowed by the court.

    5. If the purchaser at the judicial sale of residential real estate is a mortgagee who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in subsection (d) of Section 5/15-1603 of Chapter 735 ILCS, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed, by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

    6. The redemption period shall end in this case 60 days after entry of this judgment or such date as is hereafter ordered by this Court.

IX.  OTHER MATTERS

    1. Report of Sale. The person conducting the sale shall file a report of sale with the Clerk of this Court specifying the amount of proceeds of sale realized and the disposition thereof.

    2. Possession. If no redemption is made prior to such sale, a deed may be issued to the purchaser according to law and such purchaser be let into possession of the mortgaged real estate in accordance with 735 ILCS, Section 5/15-1701, et. seq., which provides that the holder of the certificate sale or deed shall be entitled to possession of the mortgaged real estate as of the date 30 days after the order confirming the sale has been entered. After the 30th day after said

foreclosure sale is confirmed, the holder of the certificate of sale shall be entitled to immediate possession of the real estate upon payment of the sale purchase price, without notice to any party or further order of the court. The mortgagors shall peaceably surrender possession of said property to said certificate holder immediately upon expiration of said 30-day time period, or earlier if directed by the court.

    3. Homestead Waiver. Defendant-mortgagors waived their right to homestead or other exemptions in said real estate in the body of said mortgage, which was duly signed and acknowledged, and said defendant-mortgagors are therefore barred from claiming any right to homestead or other exemptions in said real estate.

ENTER: January 29, 2010.

                                        s/Michael M. Mihm
                                        MICHAEL M. MIHM
                                        UNITED STATES DISTRICT JUDGE